13-007191/9112PE107460/ATS/

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HARTWIG TRANSIT, INC. an Illinois, Corporation, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR CONTRIBUTION

NOW COMES Plaintiff, HARTWIG TRANSIT, INC. ("HARTWIG"), by and through its attorneys LAW OFFICES OF CAPUANI & SCHNEIDER, and for its Complaint for Contribution against the UNITED STATES POSTAL SERVICE ("USPS"), states as follows:

### COMMON ALLEGATIONS

1.     On or about March 7, 2013, Plaintiff ANDREA MARTIN filed suit in the underlying case against HARTWIG in the Circuit Court of Cook County, Illinois, seeking damages for injuries allegedly sustained on March 17, 2011 at or near 7500 W. Roosevelt Road in the Village of Forest Park, County of Cook, State of Illinois.   Attached hereto as Exhibit A, and incorporated herein as though set forth in its entirety is a true and correct copy of Plaintiff MARTIN'S Complaint at Law in the underlying matter.

2.     On or about May 5, 2013, HARTWIG filed an Answer and Affirmative Defenses to Plaintiff MARTIN's Complaint at Law in the underlying matter, denying all material allegations thereof.  Attached hereto as Exhibit B and incorporated herein as though set forth in its entirety is a true and correct copy of HARTWIG'S Answer and Affirmative Defenses to Plaintiff's Complaint at Law in the underlying matter.

1

3.     On or about February 13, 2014, HARTWIG filed a Third-Party Complaint for Contribution against USPS in the underlying action.  Attached hereto as Exhibit C and incorporated herein as though set forth in its entirety is a true and correct copy of HARTWIG'S Third-Party Complaint for Contribution against USPS in the underlying action.

4.     On or about April 7, 2014, Defendant USPS removed the underlying matter to the United States District Court for the Northern District of Illinois.  Attached hereto as Exhibit D and incorporated herein as thought set forth in its entirety is a true and correct copy of AMTRAK's Notice of Removal in the underlying matter.

5.     On or about May 20, 2014, upon the motion of USPS, the Third-Party Complaint against it was dismissed pursuant to the derivative jurisdiction doctrine, and the matter was remanded back to the Circuit Court of Cook County. Attached hereto as Exhibit E is a true and correct copy of the May 20, 2014 order of the Honorable Judge Leinenweber.

6.     Defendant USPS, is a U.S. Government agency.

7.     Jurisdiction of this matter is proper pursuant to 39 U.S.C. § 409.

<u>COUNT I</u>
(Contribution)

1.     Plaintiff adopts and incorporates by reference those allegations contained in Paragraphs 1 through 7, inclusive, of the Common Allegations as and for its allegations contained in Paragraph 1 of Count I as though fully set forth herein.

2.     At all relevant times, Plaintiff in the underlying action, ANDREA MARTIN, was working in the course and scope of her employment for USPS.

3.     At all relevant times, on and before March 17, 2011, Defendant USPS, individually and through its agents, servants and employees, owned, operated, managed, maintained and controlled the loading and unloading of trailers at the US Post Office Mail

Distribution Center located at 7500 W. Roosevelt Road in the Village of Forest Park, County of Cook, State of Illinois.

4.     At all relevant times, it was the duty of the Defendant USPS to exercise ordinary care to prevent and avoid injuries to individuals working in the area where Plaintiff in the underlying matter, ANDREA MARTIN, alleges she was injured.

5.     HARTWIG has denied and continues to deny any liability to Plaintiff ANDREA MARTIN in the underlying matter. However, in the event that HARTWIG is found liable to Plaintiff ANDREA MARTIN, HARTWIG pleads, in the alternative, that Defendant USPS was guilty of one or more of the following negligent acts or omissions:

a) Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew, or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Plaintiff ANDREA MARTIN;

b) Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result thereof Plaintiff ANDREA MARTIN was injured;

c) Failed to provide Plaintiff ANDREA MARTIN with a safe place within which to work where said premises would be free of any dangerous conditions;

d) Failed to warn Plaintiff ANDREA MARTIN of the dangerous conditions then and there existing, when Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to Plaintiff ANDREA MARTIN;

e) Failed to provide adequate safeguards to prevent Plaintiff ANDREA MARTIN from injury while lawfully upon said premises;

f) Failed to supervise the work being done on the aforesaid premises;

g) Failed to provide a safe means of removal and/or loading of trailers when Defendant knew, or in the exercise of ordinary care should have known, that the condition of its trailers would create a dangerous condition to which Plaintiff ANDREA MARTIN was exposed;

h) Failed to secure its straps in trailers when Defendant knew, or in the exercise of ordinary care should have known, that unsecured straps hanging inside the trailers would create a dangerous condition to which Plaintiff ANDREA MARTIN was exposed;

i) Failed to secure its hooks in trailers when Defendant knew, or in the exercise of ordinary care should have known, that unsecured hooks hanging inside the trailers would create a dangerous condition to which Plaintiff ANDREA MARTIN was exposed;

j) Failed to properly train Plaintiff ANDREA MARTIN on the safe and proper manner for loading and unloading trailers;

k) Failed to properly train Plaintiff ANDREA MARTIN on how to recognize and identify unsafe conditions existing inside trailers while loading and unloading;

l) Instructed Plaintiff ANDREA MARTIN to load a trailer when Defendant knew, or in the exercise of ordinary care should have known, that it was unsafe to do so;

m) Was otherwise careless and negligent.

6.      One or more of the foregoing negligent acts or omissions on the part of the Defendant USPS was a direct and proximate cause of the damages and/or injuries alleged to have been sustained by Plaintiff ANDREA MARTIN in the underlying matter.

7.      In the event that it should be found that HARTWIG was liable to Plaintiff ANDREA MARTIN as alleged in her pleadings in the underlying matter, then HARTWIG is entitled to contribution from Defendant USPS in an amount commensurate to the degree of fault attributable to said Defendant USPS in causing injuries or damages to Plaintiff ANDREA MARTIN in accordance with the terms of the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 et seq).

WHEREFORE, Plaintiff, HARTWIG TRANSIT, INC., prays that if judgment be entered in favor of Plaintiff, ANDREA MARTIN, and against HARTWIG TRANSIT, INC., in the underlying matter, that judgment also be entered against Defendant UNITED STATES POSTAL SERVICE and in favor of HARTWIG TRANSIT, INC. in such an amount and by way of contribution without limitation, as is commensurate with the degree of misconduct or fault

attributable to UNITED STATES POSTAL SERVICE in causing the alleged injuries to Plaintiff,

ANDREA MARTIN.

Respectfully submitted,

_/s/ Anthony Todd Schneider_
One of the Attorneys for HARTWIG TRANSIT, INC.

Anthony Todd Schneider, Esq.
LAW OFFICES OF CAPUANI & SCHNEIDER
135 South LaSalle Street, Suite 2950
Chicago, Illinois 60603
(312) 263-0093

FIRM ID: 33701

STATE OF ILLINOIS     )
                       ) SS.
COUNTY OF C O O K   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANDREA MARTIN             )
                            )
        Plaintiff,        )
                            )
        v.               ) NO.
                            )
HARTWIG TRANSIT, INC. an Illinois  )
Corporation,             )
        Defendant      )

## COMPLAINT AT LAW

NOW COMES the plaintiff, ANDREA MARTIN, by her attorneys, Kevin J. McNamara

Law Offices, P.C., and complaining of the defendant, HARTWIG TRANSIT, INC., states as

follows:

1.    On March 17, 2011, and prior thereto, the defendant, HARTWIG TRANSIT,

INC., was a corporation duly licensed to do business in the State of Illinois.

2.    That on March 17, 2011, and prior thereto, defendant, HARTWIG TRANSIT,

INC. was in the trucking business with its principal place of business located at 9329 Bernice

Avenue, Schiller Park, Illinois.

3.    On March 17, 2011, plaintiff, ANDREA MARTIN, was lawfully on the premises

of the US Post Office Mail Distribution Center located at 7500 W. Roosevelt Road in the Village

of Forest Park, County of Cook, State of Illinois.

**Exhibit A**

4      On March 17, 2011, defendant, HARTWIG TRANSIT INC., by and through it

duly authorized agents and employees, owned, operated, managed, maintained and controlled a

semi tractor-trailer at the aforementioned US Post Office Mail Distribution Center located at

7500 W. Roosevelt Road in the Village of Forest Park, County of Cook, State of Illinois.

5.      At the time and place aforesaid, plaintiff, ANDREA MARTIN, was operating a

forklift at the loading dock and was unloading containers from the semi tractor-trailer that was

owned, operated, managed, maintained and controlled by agents and employees of defendant

HARTWIG TRANSIT, INC.

6.      At the time and place aforesaid it was the duty of the defendant HARTWIG

TRANSIT INC., to maintain its truck in a safe condition so as not to endanger others utilizing

the loading dock and to provide a safe means of removal of the containers from its semi tractor-

trailer.

7.      At the time and place aforesaid, defendant HARTWIG TRANSIT INC., breached

its duty to plaintiff in creating a dangerous condition on the loading dock and failing to provide a

safe means of removal of the containers from its semi tractor-trailer.

8.      At the time and place aforesaid, appurtenances to the semi tractor-trailer owned,

operated, managed, maintained and controlled by agents and employees of defendant,

HARTWIG TRANSIT, INC., including hooks and straps, came into contact with the plaintiff,

ANDREA MARTIN, and the forklift she was operating.

9.      At the time and place aforesaid, defendant, HARTWIG TRANSIT, INC.,

individually, and by and through its duly-authorized agents, servants and employees, was

negligent in one or more of the following acts or omissions:

(a)   failed to provide a safe means of removal of the containers from the truck when the defendant knew, or in the exercise of ordinary care should have known, that the condition of its truck would create a dangerous condition for the plaintiff;

(b)   failed to secure the straps on the truck when the defendant knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

(c)   failed to secure the hooks on the truck when the defendant knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

(d)   failed to follow the loading dock guidelines and procedures;

(e)   failed to warn plaintiff of the dangerous condition of its truck;

(f)   failed to inspect its truck to ensure its safety;

(e)   was otherwise careless or negligent.

10.   As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, the plaintiff, ANDREA MARTIN, suffered damages of a personal and pecuniary nature.

WHEREFORE, plaintiff, ANDREA MARTIN, by her attorneys, Kevin J. McNamara Law Offices, P.C., demands judgment against the defendant, HARTWIG TRANSIT, INC, in an amount greater than the jurisdictional limit of this Court, plus the costs of this suit.

_____
One of Plaintiff's Attorneys

Kevin McNamara Law Offices, P.C.
650 N. Dearborn Street, Suite 750
Chicago, Illinois 60654
(312)201-8850

Apr. 8. 2013 2:07PM    BAU  GROUP                          No. 7503    P. 2

FIRM ID: 33701

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF C O O K        )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANDREA MARTIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. |
| | ) |
| HARTWIG TRANSIT, INC. an Illinois | ) |
| Corporation, | ) |
| Defendant | ) |
| | ) |

### AFFIDAVIT

1.      I, KEVIN J. MCNAMARA, attorney with the law firm of Kevin J. McNamara
Law Offices P.C., am duly licensed to practice law in the State of Illinois.

2.      I have reviewed the facts of this case and the damages resulting from the
aforementioned injury.

3.      Upon review I have concluded that the plaintiffs each have a meritorious claim
for damages in an amount in excess of $50,000.00.

                                        KEVIN J. MCNAMARA
                                        Attorney for Plaintiff

SUBSCRIBED AND SWORN to
before me this 27TH
day of   February  , 2013.


Notary Public

OFFICIAL SEAL
YANIRA SIERRA
Notary Public - State of Illinois
My Commission Expires May 20, 2018

Atty No: 44176                                          13-007191/9112PE107460/ATS/

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANDREA MARTIN,                              )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )          No.: 13 L 002392
                                            )
HARTWIG TRANSIT, INC. an Illinois,          )
Corporation,                                )
                                            )
                    Defendant.              )

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, HARTWIG TRANSIT, INC. ("HARTWIG"), by and through

its attorneys LAW OFFICES OF CAPUANI & SCHNEIDER, and for its Answer to Plaintiff's

Complaint at Law, states as follows:

1.      HARTWIG admits the allegations of Paragraph 1 of Plaintiff's Complaint at Law.

2.      HARTWIG admits the allegations of Paragraph 2 of Plaintiff's Complaint at Law.

3.      HARTWIG has insufficient knowledge to admit or deny the truth or falsity of the

allegations of Paragraph 3 of Plaintiff's Complaint at Law and therefore demands strict proof

thereof.

4.      The allegations of Paragraph 4 of Plaintiff's Complaint at Law are conclusions of

law to which no answer is required. Answering further, HARTWIG denies the allegations of

Paragraph 4 of Plaintiff's Complaint at Law.

5.      The allegations of Paragraph 5 of Plaintiff's Complaint at Law are conclusions of

law to which no answer is required. Answering further, HARTWIG denies the allegations of

Paragraph 5 of Plaintiff's Complaint at Law.

1

**Exhibit B**

6.    HARTWIG denies that the allegations of Paragraph 6 of Plaintiff's Complaint at Law truly and accurately set forth the duties owed by HARTWIG, if any.  Answering further, HARTWIG recognizes, admits and complied with all duties imposed by law.

7.    HARTWIG denies the allegations of Paragraph 7 of Plaintiff's Complaint at Law.

8.    HARTWIG denies the allegations of Paragraph 8 of Plaintiff's Complaint at Law.

9.    HARTWIG denies the allegations of Paragraph 9 of Plaintiff's Complaint at Law, including all subparagraphs thereof.

10.    HARTWIG denies the allegations of Paragraph 10 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., denies that Plaintiff is entitled to recovery against it in any amount whatsoever and further prays that Plaintiff's Complaint at Law be dismissed with prejudice and with costs and expenses payable to defendant HARTWIG TRANSIT, INC.

<u>**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**</u>

NOW COMES Defendant, HARTWIG TRANSIT, INC. ("HARTWIG"), by and through its attorneys LAW OFFICES OF CAPUANI & SCHNEIDER, and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

1.    On or about March 17, 2011, Plaintiff had a duty to exercise ordinary care for her own safety.

2.    Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

a)    Failed to maintain a proper lookout;
b)    Failed to inspect the area in which she was working;

c)   Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;

d)   Failed to observe an open and obvious condition;

e)   Failed to take reasonable precautions for her own safety;

f)   Failed to follow proper precautions and appropriate safety practices;

g)   Failed to use her tools in a safe and proper manner;

h)   Failed to use proper equipment to perform her work;

i)   Failed to request assistance in performing her work;

j)   Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

k)   Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

l)   Failed to follow loading dock guidelines and procedures;

m)   Failed to inspect the truck to ensure its safety; and

n)   Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3.   One or more of the aforementioned careless and negligent acts or omissions was the sole proximate cause of the injuries and damages of which Plaintiff now complains and accordingly, Defendant is entitled to a judgment in its favor as a matter of law.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that judgment be entered in its favor and against the Plaintiff, for the reason that the conduct on the part of the Plaintiff was the sole proximate cause of the alleged injuries and damages, if any, for which recovery is sought.

<u>SECOND AFFIRMATIVE DEFENSE</u>

1.   On or about March 17, 2011, Plaintiff had a duty to exercise ordinary care for her own safety.

2.   Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

a)   Failed to maintain a proper lookout;

b)   Failed to inspect the area in which she was working;

3

c) Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;

d) Failed to observe an open and obvious condition;

e) Failed to take reasonable precautions for her own safety;

f) Failed to follow proper precautions and appropriate safety practices;

g) Failed to use her tools in a safe and proper manner;

h) Failed to use proper equipment to perform her work;

i) Failed to request assistance in performing her work;

j) Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

k) Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

l) Failed to follow loading dock guidelines and procedures;

m) Failed to inspect the truck to ensure its safety; and

n) Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3. One or more of the aforementioned careless and negligent acts or omissions by the Plaintiff was a proximate cause of Plaintiff's accident and exceeds fifty percent (50%) of the fault attributable to the Plaintiff, the defendants sued by the plaintiff and any third-party defendant.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that judgment be entered in its favor and against the Plaintiff, for the reason that the conduct on the part of the Plaintiff was more than 50% of the proximate cause of the alleged injuries and damages, if any, for which recovery is sought.

THIRD AFFIRMATIVE DEFENSE

1. On or about March 17, 2011, Plaintiff had a duty to exercise ordinary care for her own safety.

2. Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

4

a) Failed to maintain a proper lookout;

b) Failed to inspect the area in which she was working;

c) Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;

d) Failed to observe an open and obvious condition;

e) Failed to take reasonable precautions for her own safety;

f) Failed to follow proper precautions and appropriate safety practices;

g) Failed to use her tools in a safe and proper manner;

h) Failed to use proper equipment to perform her work;

i) Failed to request assistance in performing her work;

j) Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

k) Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

l) Failed to follow loading dock guidelines and procedures;

m) Failed to inspect the truck to ensure its safety; and

n) Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3. Should any judgment be entered against Defendants or Third-Party Defendants, liability for which Defendant continues to expressly deny, then Defendants and Third-Party Defendants are entitled to a reduction of damages due to Plaintiff's relative degree of fault in causing or contributing to the cause of her own injuries and damages, if any, for which recovery is sought.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that should judgment be entered in favor of the Plaintiff, then it is entitled to a reduction of damages due to Plaintiff's relative degree of fault in causing or contributing to the cause of her own injuries and damages, if any, for which recovery is sought.

## FOURTH AFFIRMATIVE DEFENSE

1. On or about October 20, 2006, Plaintiff had a duty to exercise ordinary care for her own safety.

5

2.      Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

a)      Failed to maintain a proper lookout;
b)      Failed to inspect the area in which she was working;
c)      Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;
d)      Failed to observe an open and obvious condition;
e)      Failed to take reasonable precautions for her own safety;
f)      Failed to follow proper precautions and appropriate safety practices;
g)      Failed to use her tools in a safe and proper manner;
h)      Failed to use proper equipment to perform her work;
i)      Failed to request assistance in performing her work;
j)      Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;
k)      Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;
l)      Failed to follow loading dock guidelines and procedures;
m)      Failed to inspect the truck to ensure its safety; and
n)      Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3.      Should any judgment be entered against Defendants or Third-Party Defendants, liability for which Defendant continues to expressly deny, then Defendants and Third-Party Defendants are entitled to a finding of several liability for all past and future non-medically related expenses because the fault of this Defendant is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendant, consistent with the provisions of 735 ILCS 5/2-1117.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that should judgment be entered in favor of the Plaintiff, then it is entitled to a finding of several liability for all past and future non-medically related expenses, consistent with the provisions of 735 ILCS 5/2-1117.

Respectfully submitted,

_____
One of the Attorneys for HARTWIG TRANSIT, INC.

Anthony Todd Schneider, Esq.
LAW OFFICES OF CAPUANI & SCHNEIDER
Attorneys for Defendant
135 South LaSalle Street – Suite 2950
Chicago, Illinois 60603
(312) 263-0093

Attorney No. 44176

7

STATE OF ILLINOIS    )
                          )    SS.
COUNTY OF _____ )

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

I, _GERALD HARTWIG_, have read the foregoing Answer to the Complaint and pursuant to the requirements of 735 ILCS 5/2-610, affirm the statements therein relating a want of knowledge upon which to base a belief as to the truth or falsity of certain allegations, are true and correct and are not interposed for the purpose of delay.

8

Atty No: 56791                                              13-007191/9112PEI0746073TS/B - 15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS FEB 13 PH 1: 08
COUNTY DEPARTMENT, LAW DIVISION

DOROTHY BROWN
OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ANDREA MARTIN,                        )
                                      )
                    Plaintiff,        )
                                      )
          v.                          )        No.: 13 L 002392
                                      )
HARTWIG TRANSIT, INC. an Illinois,    )
Corporation,                          )
                                      )
                    Defendant.        )

## THIRD-PARTY COMPLAINT FOR CONTRIBUTION

NOW COMES Defendant/Third-Party Plaintiff, HARTWIG TRANSIT, INC.
("HARTWIG"), by and through its attorneys LAW OFFICES OF CAPUANI & SCHNEIDER,
and for its Third-Party Complaint for Contribution against UNITED STATES POSTAL
SERVICE ("USPS"), states as follows:

1.      Plaintiff, ANDREA MARTIN, has filed a Complaint at Law against HARTWIG
and others seeking damages for injuries allegedly sustained on March 17, 2011 at or near 7500
W. Roosevelt Road in the Village of Forest Park, County of Cook, State of Illinois.    Attached
hereto as Exhibit A, and incorporated herein as though set forth in its entirety is a true and
correct copy of Plaintiff's Complaint at Law.

2.      HARTWIG has filed an Answer and Affirmative Defenses to Plaintiff's
Complaint at Law denying all material allegations thereof.    Attached hereto as Exhibit B and
incorporated herein as though set forth in its entirety is a true and correct copy of HARTWIG'S
Answer and Affirmative Defenses to Plaintiff's Complaint at Law.

3.      At all relevant times, Plaintiff ANDREA MARTIN was working in the course and
scope of her employment for USPS.

1                                      **Exhibit C**

4.     At all relevant times on and before March 17, 2011, Third-Party Defendant, individually and through its agents, servants and employees, owned, operated, managed, maintained and controlled the loading and unloading of trailers at the US Post Office Mail Distribution Center located at 7500 W. Roosevelt Road in the Village of Forest Park, County of Cook, State of Illinois.

5.     At all relevant times, it was the duty of the Third-Party Defendant to exercise ordinary care to prevent and avoid injuries to individuals working in the area where Plaintiff alleges she was injured, including Plaintiff, ANDREA MARTIN.

6.     HARTWIG has denied and continues to deny any liability to Plaintiff. However, in the event that HARTWIG is found liable to Plaintiff, HARTWIG pleads in the alternative, that Third-Party Defendant was guilty of one or more of the following negligent acts or omissions:

    a) Failed to make a reasonable inspection of the premises and the work being done thereon, when Third-Party Defendant knew, or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Plaintiff;

    b) Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result thereof Plaintiff was injured;

    c) Failed to provide Plaintiff with a safe place within which to work where said premises would be free of any dangerous conditions;

    d) Failed to warn Plaintiff of the dangerous conditions then and there existing, when Third-Party Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to Plaintiff;

    e) Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully upon said premises;

    f) Failed to supervise the work being done on the aforesaid premises;

    g) Failed to provide a safe means of removal and/or loading of trailers when Third-Party Defendant knew, or in the exercise of ordinary care should have known, that the condition of its trailers would create a dangerous condition to which Plaintiff was exposed;

2

h) Failed to secure its straps in trailers when Third-Party Defendant knew, or in the exercise of ordinary care should have known, that unsecured straps hanging inside the trailers would create a dangerous condition to which Plaintiff was exposed;

i) Failed to secure its hooks in trailers when Third-Party Defendant knew, or in the exercise of ordinary care should have known, that unsecured hooks hanging inside the trailers would create a dangerous condition to which Plaintiff was exposed;

j) Failed to properly train Plaintiff on the safe and proper manner for loading and unloading trailers;

k) Failed to properly train Plaintiff on how to recognize and identify unsafe conditions existing inside trailers while loading and unloading;

l) Instructed Plaintiff to load a trailer when Third-Party Defendant knew, or in the exercise of ordinary care should have known, that it was unsafe to do so;

m) Was otherwise careless and negligent.

7.      One or more of the foregoing negligent acts or omissions on the part of the Third-Party Defendant was a direct and proximate cause of the damages and/or injuries alleged to have been sustained by Plaintiff.

8.      In the event that it should be found that HARTWIG was liable to Plaintiff as alleged in her pleadings, then HARTWIG is entitled to contribution from Third-Party Defendant in an amount commensurate to the degree of fault attributable to said Third-Party Defendant in causing injuries or damages to Plaintiff in accordance with the terms of the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 et seq).

WHEREFORE, Defendant/Third-Party Plaintiff, HARTWIG TRANSIT, INC., prays that if judgment be entered in favor of Plaintiff, ANDREA MARTIN, and against HARTWIG TRANSIT, INC., that judgment also be entered against Third-Party Defendant, UNITED STATES POSTAL SERVICE and in favor of HARTWIG TRANSIT, INC. in such an amount and by way of contribution without limitation, as is commensurate with the degree of misconduct

3

or fault attributable to UNITED STATES POSTAL SERVICE in causing the alleged injuries to

Plaintiff, ANDREA MARTIN.

Respectfully submitted,

One of the Attorneys for HARTWIG TRANSIT, INC.

Anthony Todd Schneider, Esq.
LAW OFFICES OF CAPUANI & SCHNEIDER
135 South LaSalle Street, Suite 2950
Chicago, Illinois 60603
(312) 263-0093

Attorney No. 56791

4

FIRM ID: 33701

STATE OF ILLINOIS     )
                      ) SS.
COUNTY OF C O O K      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANDREA MARTIN                    )
                                 )
              Plaintiff,          )
                                 )
       v.                        )  NO.
                                 )
HARTWIG TRANSIT, INC. an Illinois, )
Corporation,                      )
              Defendant           )

COMPLAINT AT LAW

NOW COMES the plaintiff, ANDREA MARTIN, by her attorneys, Kevin J. McNamara

Law Offices, P.C., and complaining of the defendant, HARTWIG TRANSIT, INC., states as

follows:

1.     On March 17, 2011, and prior thereto, the defendant, HARTWIG TRANSIT,

INC., was a corporation duly licensed to do business in the State of Illinois.

2.     That on March 17, 2011, and prior thereto, defendant, HARTWIG TRANSIT,

INC. was in the trucking business with its principal place of business located at 9329 Bernice

Avenue, Schiller Park, Illinois.

3.     On March 17, 2011, plaintiff, ANDREA MARTIN, was lawfully on the premises

of the US Post Office Mail Distribution Center located at 7500 W. Roosevelt Road in the Village

of Forest Park, County of Cook, State of Illinois.

**Exhibit A**

4    On March 17, 2011, defendant, HARTWIG TRANSIT INC., by and through it duly authorized agents and employees, owned, operated, managed, maintained and controlled a semi tractor-trailer at the aforementioned US Post Office Mail Distribution Center located at 7500 W. Roosevelt Road in the Village of Forest Park, County of Cook, State of Illinois.

5.    At the time and place aforesaid, plaintiff, ANDREA MARTIN, was operating a forklift at the loading dock and was unloading containers from the semi tractor-trailer that was owned, operated, managed, maintained and controlled by agents and employees of defendant HARTWIG TRANSIT, INC.

6.    At the time and place aforesaid it was the duty of the defendant HARTWIG TRANSIT INC., to maintain its truck in a safe condition so as not to endanger others utilizing the loading dock and to provide a safe means of removal of the containers from its semi tractor-trailer.

7.    At the time and place aforesaid, defendant HARTWIG TRANSIT INC., breached its duty to plaintiff in creating a dangerous condition on the loading dock and failing to provide a safe means of removal of the containers from its semi tractor-trailer.

8.    At the time and place aforesaid, appurtenances to the semi tractor-trailer owned, operated, managed, maintained and controlled by agents and employees of defendant, HARTWIG TRANSIT, INC., including hooks and straps, came into contact with the plaintiff, ANDREA MARTIN, and the forklift she was operating.

9.    At the time and place aforesaid, defendant, HARTWIG TRANSIT, INC., individually, and by and through its duly-authorized agents, servants and employees, was negligent in one or more of the following acts or omissions:

(a)  failed to provide a safe means of removal of the containers from the truck when the defendant knew, or in the exercise of ordinary care should have known, that the condition of its truck would create a dangerous condition for the plaintiff;

(b)  failed to secure the straps on the truck when the defendant knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

(c)  failed to secure the hooks on the truck when the defendant knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

(d)  failed to follow the loading dock guidelines and procedures;

(e)  failed to warn plaintiff of the dangerous condition of its truck;

(f)  failed to inspect its truck to ensure its safety;

(g)  was otherwise careless or negligent.

10.  As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, the plaintiff, ANDREA MARTIN, suffered damages of a personal and pecuniary nature.

WHEREFORE, plaintiff, ANDREA MARTIN, by her attorneys, Kevin J. McNamara Law Offices, P.C., demands judgment against the defendant, HARTWIG TRANSIT, INC, in an amount greater than the jurisdictional limit of this Court, plus the costs of this suit.

One of Plaintiff's Attorneys

Kevin McNamara Law Offices, P.C.
650 N. Dearborn Street, Suite 750
Chicago, Illinois 60654
(312) 201-8850

FIRM ID: 33701

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF C O O K       )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ANDREA MARTIN                    )
                                 )
              Plaintiff,          )
                                 )
      v.                          )   NO.
                                 )
HARTWIG TRANSIT, INC. an Illinois )
Corporation,                      )
              Defendant           )

### AFFIDAVIT

1.   I, KEVIN J. MCNAMARA, attorney with the law firm of Kevin J. McNamara Law Offices P.C., am duly licensed to practice law in the State of Illinois.

2.   I have reviewed the facts of this case and the damages resulting from the aforementioned injury.

3.   Upon review I have concluded that the plaintiffs each have a meritorious claim for damages in an amount in excess of $50,000.00.

KEVIN J. MCNAMARA
Attorney for Plaintiff

SUBSCRIBED AND SWORN to
before me this 27TH
day of February        , 2013.


Notary Public

OFFICIAL SEAL
YAMRA SIERRA
Notary Public – State of Illinois
My Commission Expires May 20, 2016

Atty No: 44176

13-007191/9112PE107460/ATS/

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANDREA MARTIN,                          )
                                        )
                  Plaintiff,            )
                                        )
        v.                              )     No.: 13 L 002392
                                        )
HARTWIG TRANSIT, INC. an Illinois,      )
Corporation,                            )
                                        )
                  Defendant.            )

**FILED**
2013 MAY -2 PM 12: 58
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, HARTWIG TRANSIT, INC. ("HARTWIG"), by and through its attorneys LAW OFFICES OF CAPUANI & SCHNEIDER, and for its Answer to Plaintiff's Complaint at Law, states as follows:

1.      HARTWIG admits the allegations of Paragraph 1 of Plaintiff's Complaint at Law.

2.      HARTWIG admits the allegations of Paragraph 2 of Plaintiff's Complaint at Law.

3.      HARTWIG has insufficient knowledge to admit or deny the truth or falsity of the allegations of Paragraph 3 of Plaintiff's Complaint at Law and therefore demands strict proof thereof.

4.      The allegations of Paragraph 4 of Plaintiff's Complaint at Law are conclusions of law to which no answer is required. Answering further, HARTWIG denies the allegations of Paragraph 4 of Plaintiff's Complaint at Law.

5.      The allegations of Paragraph 5 of Plaintiff's Complaint at Law are conclusions of law to which no answer is required. Answering further, HARTWIG denies the allegations of Paragraph 5 of Plaintiff's Complaint at Law.

1

Exhibit B

6. HARTWIG denies that the allegations of Paragraph 6 of Plaintiff's Complaint at Law truly and accurately set forth the duties owed by HARTWIG, if any. Answering further, HARTWIG recognizes, admits and complied with all duties imposed by law.

7. HARTWIG denies the allegations of Paragraph 7 of Plaintiff's Complaint at Law.

8. HARTWIG denies the allegations of Paragraph 8 of Plaintiff's Complaint at Law.

9. HARTWIG denies the allegations of Paragraph 9 of Plaintiff's Complaint at Law, including all subparagraphs thereof.

10. HARTWIG denies the allegations of Paragraph 10 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., denies that Plaintiff is entitled to recovery against it in any amount whatsoever and further prays that Plaintiff's Complaint at Law be dismissed with prejudice and with costs and expenses payable to defendant HARTWIG TRANSIT, INC.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, HARTWIG TRANSIT, INC. ("HARTWIG"), by and through its attorneys LAW OFFICES OF CAPUANI & SCHNEIDER, and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. On or about March 17, 2011, Plaintiff had a duty to exercise ordinary care for her own safety.

2. Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

a) Failed to maintain a proper lookout;
b) Failed to inspect the area in which she was working;

2

c) Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;

d) Failed to observe an open and obvious condition;

e) Failed to take reasonable precautions for her own safety;

f) Failed to follow proper precautions and appropriate safety practices;

g) Failed to use her tools in a safe and proper manner;

h) Failed to use proper equipment to perform her work;

i) Failed to request assistance in performing her work;

j) Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

k) Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

l) Failed to follow loading dock guidelines and procedures;

m) Failed to inspect the truck to ensure its safety; and

n) Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3. One or more of the aforementioned careless and negligent acts or omissions was the sole proximate cause of the injuries and damages of which Plaintiff now complains and accordingly, Defendant is entitled to a judgment in its favor as a matter of law.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that judgment be entered in its favor and against the Plaintiff, for the reason that the conduct on the part of the Plaintiff was the sole proximate cause of the alleged injuries and damages, if any, for which recovery is sought.

## SECOND AFFIRMATIVE DEFENSE

1. On or about March 17, 2011, Plaintiff had a duty to exercise ordinary care for her own safety.

2. Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

a) Failed to maintain a proper lookout;

b) Failed to inspect the area in which she was working;

3

c) Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;

d) Failed to observe an open and obvious condition;

e) Failed to take reasonable precautions for her own safety;

f) Failed to follow proper precautions and appropriate safety practices;

g) Failed to use her tools in a safe and proper manner;

h) Failed to use proper equipment to perform her work;

i) Failed to request assistance in performing her work;

j) Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;

k) Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;

l) Failed to follow loading dock guidelines and procedures;

m) Failed to inspect the truck to ensure its safety; and

n) Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3. One or more of the aforementioned careless and negligent acts or omissions by the Plaintiff was a proximate cause of Plaintiff's accident and exceeds fifty percent (50%) of the fault attributable to the Plaintiff, the defendants sued by the plaintiff and any third-party defendant.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that judgment be entered in its favor and against the Plaintiff, for the reason that the conduct on the part of the Plaintiff was more than 50% of the proximate cause of the alleged injuries and damages, if any, for which recovery is sought.

THIRD AFFIRMATIVE DEFENSE

1. On or about March 17, 2011, Plaintiff had a duty to exercise ordinary care for her own safety.

2. Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

4

a) Failed to maintain a proper lookout;
b) Failed to inspect the area in which she was working;
c) Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;
d) Failed to observe an open and obvious condition;
e) Failed to take reasonable precautions for her own safety;
f) Failed to follow proper precautions and appropriate safety practices;
g) Failed to use her tools in a safe and proper manner;
h) Failed to use proper equipment to perform her work;
i) Failed to request assistance in performing her work;
j) Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;
k) Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;
l) Failed to follow loading dock guidelines and procedures;
m) Failed to inspect the truck to ensure its safety; and
n) Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3. Should any judgment be entered against Defendants or Third-Party Defendants, liability for which Defendant continues to expressly deny, then Defendants and Third-Party Defendants are entitled to a reduction of damages due to Plaintiff's relative degree of fault in causing or contributing to the cause of her own injuries and damages, if any, for which recovery is sought.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that should judgment be entered in favor of the Plaintiff, then it is entitled to a reduction of damages due to Plaintiff's relative degree of fault in causing or contributing to the cause of her own injuries and damages, if any, for which recovery is sought.

## FOURTH AFFIRMATIVE DEFENSE

1. On or about October 20, 2006, Plaintiff had a duty to exercise ordinary care for her own safety.

5

2.    Notwithstanding that aforementioned duty, Plaintiff was guilty of one or more of the following careless and negligent acts or omissions:

a)    Failed to maintain a proper lookout;
b)    Failed to inspect the area in which she was working;
c)    Proceeded to work in an area when she knew or should have known that she did not have the appropriate tools and equipment to safely perform her work;
d)    Failed to observe an open and obvious condition;
e)    Failed to take reasonable precautions for her own safety;
f)    Failed to follow proper precautions and appropriate safety practices;
g)    Failed to use her tools in a safe and proper manner;
h)    Failed to use proper equipment to perform her work;
i)    Failed to request assistance in performing her work;
j)    Failed to secure straps when she knew, or in the exercise of ordinary care should have known, that the straps hanging from the truck would create a dangerous condition;
k)    Failed to secure hooks on the truck when she knew, or in the exercise of ordinary care should have known, that the hooks hanging from the truck would create a dangerous condition;
l)    Failed to follow loading dock guidelines and procedures;
m)    Failed to inspect the truck to ensure its safety; and
n)    Was otherwise careless and negligent in failing to exercise due care and caution for her own safety.

3.    Should any judgment be entered against Defendants or Third-Party Defendants, liability for which Defendant continues to expressly deny, then Defendants and Third-Party Defendants are entitled to a finding of several liability for all past and future non-medically related expenses because the fault of this Defendant is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendant, consistent with the provisions of 735 ILCS 5/2-1117.

WHEREFORE, Defendant, HARTWIG TRANSIT, INC., prays that should judgment be entered in favor of the Plaintiff, then it is entitled to a finding of several liability for all past and future non-medically related expenses, consistent with the provisions of 735 ILCS 5/2-1117.

6

Respectfully submitted,

_____
One of the Attorneys for HARTWIG TRANSIT, INC.

Anthony Todd Schneider, Esq.
LAW OFFICES OF CAPUANI & SCHNEIDER
Attorneys for Defendant
135 South LaSalle Street – Suite 2950
Chicago, Illinois 60603
(312) 263-0093

Attorney No. 44176

STATE OF ILLINOIS )
                 ) SS.
COUNTY OF _____ )

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

I, GERALD HARTWIL, have read the foregoing Answer to the Complaint and pursuant to the requirements of 735 ILCS 5/2-610, affirm the statements therein relating a want of knowledge upon which to base a belief as to the truth or falsity of certain allegations, are true and correct and are not interposed for the purpose of delay.

8

RECEIVED

APR 0 7 2014

CGO - LEG'

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREA MARTIN,          )
                                   )
        Plaintiff,        )
                                   )
        v.                  )
                                   )
HARTWIG TRANSIT, INC., an Illinois )    No. 14 C 2422
corporation                      )
                                   )    Formerly Case No. 13 L 002392
        Defendant/Third-Party Plaintiff )    Circuit Court of Cook County, Illinois
                                   )
        v.                  )
                                   )
UNITED STATES POSTAL SERVICE,  )
                                   )
        Third-Party Defendant. )

## NOTICE OF REMOVAL OF A CIVIL ACTION

To:    Dorothy Brown, Clerk             Kevin McNamara Law Offices
        Circuit Court of Cook County      650 N. Dearborn Street
        Richard J. Daley Center           Suite 750
        Room 1001                    Chicago, Illinois 60654
        50 West Washington Street
        Chicago, Illinois 60602

        Anthony Todd Schneider, Esq.
        Law Offices of Capuani & Schneider
        135 S. LaSalle Street
        Suite 2950
        Chicago, IL 60603

The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 28 U.S.C. § 1442, and in support thereof states the following:

**Exhibit D**

1.      On February, 13, 2014, defendant and third-party plaintiff, Hartwig Transit, Inc., an Illinois corporation commenced the above civil action against The United States Postal Service, seeking damages for injuries.  A copy of the complaint is attached as Exhibit A.

2.      Defendant/Third-Party Plaintiff's state-court civil action is against the United States or a federal agency and therefore may be removed to the federal district court for the district and division embracing the place where the state court action is pending under 28 U.S.C. § 1442(a)(1).

3.      Copies of all process, pleadings, and orders served on the United States are attached at Exhibit A.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 1442.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Kathryn A. Kelly
    KATHRYN A. KELLY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1936
    kathryn.kelly@usdoj.gov

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Andrea Martin

,

Plaintiff(s),

v.

Hartwig Transit Inc.,,

Defendant(s).

Case No.  14 C 2422
Judge  Harry D. Leinenweber

## **ORDER**

    Motion hearing held. United States' Motion to Dismiss [5] is granted. The remainder of the case is remanded to the Circuit Court of Cook County, Illinois.

Date:  5/20/2014

/s/ Harry D. Leinenweber
United States District Judge

**Exhibit E**